**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| VIVEK LAKHUMNA,<br><br>        Plaintiff,<br><br>   v.<br><br>CLINT FRIEL et al.,<br><br>        Defendants. | Case No. 2:06-CV-539 DAK<br><br>**ORDER DISMISSING CLINT FRIEL AND UTAH ATTORNEY GENERAL; GRANTING SERVICE OF PROCESS ON REMAINING DEFENDANTS** |

   Plaintiff, Vivek Lakhumna, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.S. § 1983 (2007).  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* § 1915.  This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

### ANALYSIS

### I. Screening Standard of Review

   Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II.  Plaintiff's Allegations

Plaintiff's Complaint asserts that Defendants violated Plaintiff's rights under the First and Fourteenth Amendments by failing to accommodate his Hindu dietary requirements and by denying him equal opportunities to practice his religion.[1]

---

[1] Plaintiff mistakenly refers to the Eighth, rather than the Fourteenth Amendment, as the basis for his equal protection claim.

Regarding his diet, Plaintiff states that Hindu dietary restrictions prohibit consumption of meat (especially beef), fish and eggs, and any items containing such ingredients.  Plaintiff further alleges that Hindu practices forbid the use of cooking or serving utensils that have been used to prepare meat products; that only fresh food, "not meals prepared several days ago," are permitted; and, that specific oils and spices must be used in food preparation.  Finally, Plaintiff asserts that he requires "nuts, dried fruits or fresh fruits . . . for after prayers consumption."  Plaintiff states that he made numerous requests for accommodation of these dietary requirements but was told that he would have to chose from among the standard and alternative meals already available.  Plaintiff states that the available meals do not satisfy his dietary needs because the standard meals include meat products and the alternative meals often include egg products.  Plaintiff states that he has had to supplement his diet with items purchased through the commissary.  Finally, Plaintiff alleges that he suffers from stomach aches and irregularity due to the lack of a Hindu diet.

Regarding his equal protection claim Plaintiff alleges that Hindu inmates are not given the same access to the prison chapel as inmates of other faiths.  Plaintiff states that he is forced to worship on his bunk in his cell while inmates of other faiths

are allowed to use the prison chapel.  Finally, Plaintiff asserts that the prison accommodates Jewish and Muslim dietary restrictions while denying his requests for a special Hindu diet.

Plaintiff's Complaint seeks an injunction requiring the prison to provide Hindu meals and "space and time to practice Hinduism in the chapel or elsewhere."  Plaintiff also requests one million dollars in compensatory damages.

### III. Sufficiency of Plaintiff's Complaint

It is well established that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S. Ct. 1861, 1877 (1979).  "Inmates clearly retain protections afforded by the First Amendment, *Pell v. Procunier,* 417 U.S. 817, 822, 94 S. Ct. 2800, 2804 (1974), including its directive that no law shall prohibit the free exercise of religion."  *Id.*  "The Free Exercise Clause mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs." *Hammons v. Saffle*, 348 F.3d 1250, 1254 (10th Cir. 2003) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S. Ct. 2400, 2404 (1987)).  And, the Tenth Circuit has expressly held that a prisoner's "genuine and sincere belief in religious dietary practices warrants constitutional protection." *LaFevers v. Saffle*, 936 F.2d 1117,

1119 (10th Cir. 1991).

Applying the above standards the Court concludes that Plaintiff's allegations regarding denial of a religious diet are sufficient to state a claim for relief under the First Amendment. Plaintiff alleges that his dietary requirements are religious in nature and that his beliefs are sincerely held.  *See Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997) (initial inquiry in free exercise claim is whether beliefs are religious in nature, and whether those beliefs are sincerely held).

Plaintiff's allegations regarding disparate accommodation of Hindu religious practices are also sufficient to state an equal protection claim under the Fourteenth Amendment.  *See Cruz v. Beto,* 405 U.S. 319, 321-22, 92 S. Ct. 1079, 1081-82 (1972). Construed liberally, Plaintiff's allegations show that he "was denied a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts."  Id.  Such discrimination, if shown to be intentional, would be cognizable under the Fourteenth Amendment.  *See Harris v. McRae*, 448 U.S. 297, 323, n.26, 100 S. Ct. 2671, 2692 (1980).

Thus, the Court will direct official service of process upon the appropriate individuals named in the Complaint.

## IV. Improper Defendants

Plaintiff's Complaint fails to allege sufficient facts linking two of the named defendants, Warden Clint Friel and Utah Attorney General Mark Shurtleff, to any alleged constitutional violation.  To state a viable civil rights claim under 42 U.S.C. § 1983 a plaintiff must show an "affirmative link" between the harm allegedly suffered and the actions of each named defendant.  *See Anaya v. Crossroads Managed Care Sys. Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997) (citation omitted), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999).  Liability for a civil rights violation cannot be based on respondeat superior.  *See West v. Atkins*, 487 U.S. 42, 54 n.12, 108 S. Ct. 2250, 2258 n.12 (1988); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability.  Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim.'").

Plaintiff's only allegations involving Shurtleff and Friel are that Plaintiff sent a letter to the Attorney General's office requesting a religious diet, that the letter was subsequently forwarded to Warden Friel, and that neither of these defendants ever directly responded to Plaintiff.  The exhibits attached to the Complaint, however, show that after receiving Plaintiff's letter from Shurtleff, Friel forwarded it to Deputy Warden Pope

for further handling.  There is no indication that either Shurtleff or Friel were directly involved in denying Plaintiff's requests for religious accommodation.

Thus, the Court concludes that Plaintiff's allegations are insufficient to state a claim against Utah Attorney General Mark Shurtleff or Warden Clint Friel.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Utah Attorney General Mark Shurtleff and Utah State Prison Warden Clint Friel are dismissed from this case; and,

(2) the United States Marshals Service shall serve a summons and copy of Plaintiff's Complaint upon the remaining defendants.

DATED this 8th day of May, 2008.

BY THE COURT:

_____
Dale A. Kimball
United States District Judge